UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 11-61254-CIV-COHN/SELTZER

REITER PETROLEUM, INC.,

    Plaintiff,

v.

GLENN MARK GALLANT,

    Defendant.

_____/

## ORDER DENYING MOTION TO DISMISS

**THIS CAUSE** is before the Court on Defendant Glenn Mark Gallant's Motion to Dismiss [DE 15] ("Motion").[1] The Court has considered the Motion, Plaintiff Reiter Petroleum, Inc.'s Response [DE 25], the record in this case, and is otherwise advised in the premises.[2]

## I. BACKGROUND

According to the Complaint [DE 1], Defendant Glenn Mark Gallant owned a corporation that owned the passenger casino vessel M/V Island Adventure. From May 29, 2008 to August 18, 2008, Plaintiff provided the *Island Adventure* with necessaries in the total principle amount of $1,150,053.31, exclusive of interest and costs.[3] In or about July to August 2008, Defendant, along with Gordon Roepe, allegedly provided a personal guaranty for the necessaries. See Exhibit A to Complaint [DE 1-1] ("Emails").

---

[1] Docket Entries 8 and 15 appear to be identical copies of the Motion to Dismiss. Therefore, the Court rules on Docket Entry 15, and denies Docket Entry 8 as moot.

[2] The Court notes that Defendant has not filed a Reply, and the time for doing so has passed.

[3] Now, the net amount due allegedly totals $301,779.81. Compl. ¶ 10.

Thereafter, the *Island Adventure* was arrested by crew members for outstanding wages, and then rearrested. See Romero et al. v. Island Adventure, Case No. 08-61247-UNGARO/SIMONTON (S.D. Fla. filed on Aug. 4, 2008). On October 16, 2008, there was an interlocutory judicial sale of the vessel. Id. at DE 218.

Meanwhile, a simultaneous action in bankruptcy proceeded against Defendant. See Case No. 10-15132-RBR. The bankruptcy case was recently dismissed. Plaintiff alleges that it received no payments in the bankruptcy action.

On June 1, 2011, Plaintiff filed its Complaint [DE 1] for one single count of breach of guaranty, seeking to recover the $301,779.81 that Defendant now allegedly owes. On or about July 8, 2011, Defendant filed his Motion to Dismiss for failure to state a claim upon which relief can be granted.[4]

## II. LEGAL STANDARD

Under Federal Rule of Civil Procedure 12(b)(6), a motion to dismiss lies for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). In order to state a claim, Federal Rule of Civil Procedure 8(a)(2) requires "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 545 (2007) (citations omitted). "To survive a motion to dismiss, a

---

[4] Defendant certified that he mailed his Motion to Plaintiff's counsel on July 8, 2011, see Mot. at 3, but Plaintiff did not receive the Motion until July 18, 2011, see Motion for Extension of Time [DE 11] ¶ 3.

2

complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009) (quoting Twombly, 550 U.S. at 570).

At this stage in the litigation, the Court must consider the factual allegations in the Complaint as true, and accept all reasonable inferences therefrom. Jackson v. Okaloosa Cnty., Fla., 21 F.3d 1531, 1534 (11th Cir. 1994). Nevertheless, the Court may grant a motion to dismiss when, "on the basis of a dispositive issue of law, no construction of the factual allegations will support the cause of action." Marshall Cnty. Bd. of Educ. v. Marshall Cnty. Gas Dist., 992 F.2d 1171, 1174 (11th Cir. 1993).

### III. ANALYSIS

Defendant seeks to dismiss the Complaint for failure to state a claim upon which relief can be granted. Defendant's Motion argues as follows:

> Plaintiff has failed to show, and cannot show, that Defendant personally guaranteed the debt claimed (and relies solely on statements of third parties on Defendant's behalf); fails to allege and cannot show that (if there was a personal guarantee) the Defendant knew what obligations it was guaranteeing; fails to allege (and cannot show) that the debt Plaintiff claims was incurred in the normal course of Sea Escape's business; fails to allege (and cannot show) what effects were made to collect from Sea Escape (as opposed to the M/V Island Adventure); and otherwise fails to state a claim upon which relief may be granted.

Mot. at 1.

At the initial pleading stage, Plaintiff need not fully prove all of its claims. Plaintiff need only allege sufficient facts which, accepted as true, state a claim upon which relief can be granted. Iqbal, 129 S. Ct. at 1949.

A breach of a guaranty agreement is a "straightforward state-law breach of contract claim[]." Modern Gaming, Inc. v. Malone, 2010 WL 724434, at *2 (M.D. Fla. Feb. 24, 2010). Under Florida law, to survive dismissal for a breach of contract claim, a

3

plaintiff must allege "(1) the existence of a contract, (2) a breach of the contract, and (3) damages resulting from the breach." Textron Fin. Corp. v. Lentine Marine, Inc., 630 F. Supp. 2d 1352, 1356 (S.D. Fla. 2009) (citing Rollins, Inc. v. Butland, 951 So. 2d 860, 876 (Fla. Dist. Ct. App. 2006)).

First, Plaintiff's Complaint alleges the existence of a contract in the form of a personal guaranty contained in the emails attached to the complaint. See Compl. ¶¶ 6, 7. Specifically, in a July 18, 2008 email, Mr. Roepe stated, "On behalf of Glenn and myself, we confirm that (a) you have our personal guarantees of SeaEscape's obligations to Reiter Petroleum . . ." Emails at 1. Later, in an August 14, 2008 email signed by Mr. Roepe but sent from Defendant's email address, Mr. Roepe confirmed, "Glenn and I gave you our personal guarantees in the hope that you will continue to support us." Emails at 2. Defendant argues that Plaintiff has not sufficiently proved the existence of a personal guaranty that binds Defendant. See Mot. Though Plaintiff has not necessarily presented clear evidence that Defendant signed the personal guaranty or acknowledged the existence of the personal guaranty himself, reading the Complaint in the light most favorable to Plaintiff, as the Court is required to do at the motion to dismiss stage, the Court finds that Plaintiff has alleged the existence of a contract. In the course of this litigation, both parties will be free to submit evidence and present argument regarding the validity of that contract and the binding nature of that contract as it relates to Defendant.

Second, the Complaint pleads a breach of the personal guaranty in that Defendant allegedly has not paid the amount he guaranteed. See Compl. ¶¶ 10, 14. The Complaint states, "REITER was left with $326,053.31 in unpaid debt once the funds from the sale of the vessel had been disbursed. Subsequently, REITER has

4

received an additional $24,273.50 leaving a net balance due in the amount of $301,779.81." Id. ¶ 10.  The Complaint further alleges, "Despite demand for payment, GALLANT has failed to pay any amount of the outstanding balance owed to REITER." Id. ¶ 14.

Third, and finally, the Complaint alleges damages in the amount of $301.779.81, plus interest and costs.  Id. ¶ 20.  Therefore, Plaintiff has alleged each element required for a breach of guaranty claim.  See Malone, 2010 WL 724434, at *2; Textron, 630 F. Supp. 2d at 1356.  Because the Court finds that Plaintiff has stated a claim for breach of guaranty, the Court will not dismiss the Complaint.

## IV. CONCLUSION

Based on the foregoing, it is hereby

**ORDERED AND ADJUDGED** that Defendant Glenn Mark Gallant's Motion to Dismiss [DE 15] is **DENIED**.  Defendant shall file his Answer to Plaintiff's Complaint [DE 1] by no later than **September 26, 2011**.  It is further

**ORDERED AND ADJUDGED** that Defendant Glenn Mark Gallant's Motion to Dismiss [DE 8] is **DENIED as moot**.

**DONE AND ORDERED** in Chambers at Fort Lauderdale, Broward County, Florida, on this 13th day of September, 2011.

/s/ James I. Cohn
JAMES I. COHN
United States District Judge

Copies provided to:
Counsel of record via CM/ECF

Glenn Mark Gallant
P.O. Box 999
Butner, NC 27509