UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 11-61254-CIV-COHN/SELTZER

REITER PETROLEUM, INC.,

       Plaintiff,

v.

GLENN MARK GALLANT,

       Defendant.

_____/

## ORDER VACATING CLERK'S DEFAULT, DENYING RENEWED MOTION TO DISMISS, AND DIRECTING DEFENDANT TO FILE ANSWER

**THIS CAUSE** is before the Court on Defendant Glenn Mark Gallant's Renewed Motion to Dismiss and Motion to Vacate Default [DE 31].  The Court has considered the motion and the record in this case, and is otherwise advised in the premises.

On June 1, 2011, Plaintiff Reiter Petroleum, Inc. filed its Complaint [DE 1] for one single count of breach of guaranty against Defendant.  On or about July 8, 2011, Defendant filed a Motion to Dismiss [DE 15] for failure to state a claim upon which relief can be granted.  Thereafter, on September 13, 2011, the Court denied the motion to dismiss and directed Defendant to file an Answer to Plaintiff's Complaint by no later than September 26, 2011 [DE 26].  On October 12, 2011, when Defendant had not filed an Answer, Plaintiff moved for a Clerk's entry of default against Defendant [DE 29].  On October 17, 2011, the Clerk entered the default [DE 30].

In the instant motion, Defendant asks the Court to renew his motion to dismiss and set aside the Clerk's default.  The request to renew the motion to dismiss will be denied.  The Court already found that Plaintiff's Complaint states a claim upon which

relief can be granted.  See DE 26.  To the extent that Defendant asks the Court to reconsider its Order denying Defendant's initial motion to dismiss, the Court finds no basis to reconsider its previous ruling.  See Fed. R. Civ. P. 60(b) (listing reasons justifying reconsideration).  To the extent that Defendant attempts to file a second motion to dismiss, such a motion is barred under Federal Rule of Civil Procedure 12(g).  See Fed. R. Civ. P. 12(g) ("a party that makes a motion under this rule must not make another motion under this rule raising a defense or objection that was available to the party but omitted from its earlier motion.").

However, the request to vacate the Clerk's default will be granted.  The Eleventh Circuit has described the relevant law regarding motions to set aside defaults as follows:

> Rule 55(c), Federal Rules of Civil Procedure, provides in relevant part that "[f]or good cause shown the court may set aside an entry of default."

> "'Good cause' is a mutable standard, varying from situation to situation.  It is also a liberal one—but not so elastic as to be devoid of substance."  Coon v. Grenier, 867 F.2d 73, 76 (1st Cir. 1989).  We recognize that "good cause" is not susceptible to a precise formula, but some general guidelines are commonly applied.  Id.  Courts have considered whether the default was culpable or willful, whether setting it aside would prejudice the adversary, and whether the defaulting party presents a meritorious defense.  Rafidain Bank, 15 F.3d at 243; see also Robinson v. United States, 734 F.2d 735, 739 (11th Cir. 1984).  We note, however, that these factors are not "talismanic," and that courts have examined other factors including whether the public interest was implicated, whether there was significant financial loss to the defaulting party, and whether the defaulting party acted promptly to correct the default.  E.g., Dierschke v. O'Cheskey, 975 F.2d 181, 184 (5th Cir. 1992).  "Whatever factors are employed, the imperative is that they be regarded simply as a means of identifying circumstances which warrant the finding of 'good cause' to set aside a default."  Id.  However, if a party willfully defaults by displaying either an intentional or reckless disregard for the judicial proceedings, the court need make no other findings in denying relief.  Shepard Claims Service, Inc. v. William Darrah & Associates, 796 F.2d 190, 194-95 (6th Cir. 1986).

Compania Interamericana Export-Import, S.A. v. Compania Dominicana de Aviacion, 88 F.3d 948, 951-52 (11th Cir. 1996).  In his motion, Defendant explains that he "submitted a letter to Plaintiff's Attorney citing Defendant's inability to meet alleged financial obligations, failing personal health, and general lack of resources given Defendant's present incarceration.  Per defendant's understanding of civil procedure and law, Defendant believed this letter to be sufficient to prevent default."  Mot. at 2 ¶ 2.  The motion thereby demonstrates that Defendant's default was not willful or intentional.  The Court further notes that Defendant presents a meritorious defense in his suggestion that he "never advised Mr. Roepe to enter in to any personal guarantee on Defendant[']s behalf nor was Mr. Roepe authorized to do so."  Mot. at 1 ¶ 1.  As the Court noted in its Order denying Defendant's motion to dismiss, Plaintiff must establish the existence of a valid contract to prevail on its breach of guaranty claim.  Thus, if Defendant did not enter into a contract with Plaintiff, then the breach of guaranty claim fails.  Therefore, the Court finds good cause to set aside the Clerk's default.

Defendant will have one more opportunity to file an Answer to the Complaint. The Court emphasizes, however, that all *pro se* litigants must comply with the Federal Rules of Civil Procedure, the Local Rules for the Southern District of Florida, and the Court's Orders.  Though the Court construes a *pro se* litigant's pleadings liberally, the Court does not have "license to serve as de facto counsel for a party . . . or to rewrite an otherwise deficient pleading in order to sustain an action."  GJR Invs., Inc. v. Cnty. of Escambia, Fla., 132 F.3d 1359, 1369 (11th Cir. 1998) (citations omitted).  If Defendant does not file an Answer by the new deadline, another Clerk's default may be entered against him, and ultimately, a default judgment may be entered against him as well.

3

Accordingly, it is hereby

**ORDERED AND ADJUDGED** that Defendant Glenn Mark Gallant's Renewed

Motion to Dismiss and Motion to Vacate Default [DE 31] is **GRANTED in part and**

**DENIED in part**.  The request to renew Defendant's Motion to Dismiss is **DENIED**.  The

request to vacate the Clerk's Default is **GRANTED**, and the Clerk's Default [DE 30] is

hereby **SET ASIDE**.  It is further

**ORDERED AND ADJUDGED** that Defendant shall file an Answer to Plaintiff's

Complaint [DE 1] by no later than **December 15, 2011**.  The Answer shall comply with

the admit/deny format of Federal Rule of Civil Procedure 8.

**DONE AND ORDERED** in Chambers at Fort Lauderdale, Broward County,

Florida, on this 15th day of November, 2011.

JAMES I. COHN
United States District Judge

Copies provided to:
Counsel of record via CM/ECF

Glenn Mark Gallant
P.O. Box 999
Butner, NC 27509